**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: <br><br> EDWIN RIVERA VAZQUEZ <br> NOHILDA GARCIA RAMIREZ <br><br> **Debtor** | **CASE NO. 13-04935 BKT** <br> **Chapter 13** <br><br><br> FILED & ENTERED ON 7/21/2014 |

**<u>OPINION AND ORDER</u>**

Before the court is Debtors' motion requesting the set aside of the order dismissing the case (the "Reconsideration") [Dkt No. 52], and the opposition to the Reconsideration filed by PR Asset Portfolio 2013-1 International LLC ("PRAPI") [Dkt No. 53]. For the reasons set forth below, the Reconsideration is denied, and the case remains dismissed. However, the court reconsiders the two year bar to refile and reduces the same to 180 days. The Debtor is hereby barred from filing any bankruptcy petition for a period of 180 days from the entry date of this order.

**I.      Background**

On June 14, 2013, Debtors filed their voluntary petition under the provisions of chapter 13 of the Bankruptcy Code [Dkt No. 1]. On February 18, 2012, PRAPI filed a motion to dismiss the case with prejudice due to bad faith filings and requested a two year bar to refile (the "Motion to Dismiss") [Dkt No. 40]. The Motion to Dismiss was grounded on the following allegations: (a) that the Debtors filed their bankruptcy petition to stall the public sale of PRAPI's collateral; (b) that Debtors failed to give notice to PRAPI of the filing of their bankruptcy case;

(c) that Debtors failed to make payments to PRAPI's loans since August of 2010; and (d) that Debtors lacked good faith because they filed a plan that is not feasible, as it proposes funding of the plan from the sale of PRAPI's collateral, without retaining the services of a realtor, identify any prospective buyers, or present a strategy to sell the property and fund the plan.

On February 20, 2014, Debtors filed an adversary proceeding against PRAPI to determine the validity and extent of its lien and to determine PRAPI's claim as unsecured. [Adversary Proceeding #: 14-00046-BKT]. Soon thereafter, PRAPI filed a motion requesting entry of an order dismissing the case with prejudice, upon Debtors' failure to respond to the Motion to Dismiss, or cure arrears to PRAPI's claim [Dkt. No. 48]. After considering the merits of PRAPI's unopposed motions, the court entered an order dismissing the case with prejudice and granting the two year bar to refile [Dkt. No. 49].

Debtors seek reconsideration of the court's order dismissing the case. Debtors argue that PRAPI failed to give proper notice of the Motion to Dismiss. In that sense, Debtors claim that the Motion to Dismiss was procedurally defective because service of summons and complaint were lacking. Debtors also argue that the Motion to Dismiss should be denied on the merits because it fails to allege sufficient facts to support such a remedy [Dkt No. 52]. Debtors do not contest or even address the allegations included in the motion to Dismiss.

PRAPI filed an opposition to Debtors request for reconsideration [Dkt No. 53] stating that the request for reconsideration should be denied because: (a) the Motion to Dismiss met the notice requirements of Fed R. Bankr. P. 9014 & Fed R. Bankr. P. 7004(b)(1); (b) PRAPI provided evidence to support a finding that Debtors filed their bankruptcy case in bad faith and in abuse of the bankruptcy system; (c) Debtors failed to respond to the Motion to Dismiss and

motion requesting entry of a dismissal order; (d) Debtors admitted that they failed to notify PRAPI of the current bankruptcy case; (e) the reconsideration fails to comply with Fed. R. Civ. P. 59(e), as it fails to provide any newly discovered evidence, or evidence which was in the record but not considered by the court, so as to establish an error of law or fact and move this court to reconsider and vacate the dismissal order.

The court agrees with PRAPI's assessment. Debtor has failed to establish any manifest error of law or fact or offer compelling newly discovered evidence which would merit this court's reconsideration of the order dismissing the case. Therefore, the court has not been put in a position that warrants the reversal of the dismissal order.

**II.      Discussion**

Debtors seek reconsideration of the dismissal order under Federal Rule of Civil Procedure 60, applicable to bankruptcy proceedings under Fed R Bankr P 9024. But, because the reconsideration was filed within fourteen days of the entry of the order dismissing the case, the court will also consider reconsideration under Federal Rule of Civil Procedure 59, applicable under Fed R Bankr P 9023.

**A.      Altering or amending a judgment**

Fed R Bankr P 9023 provides in part as follows:
"A motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment."
Accordingly, the 28-day period to file a motion to alter or amend a judgment under Rule 59 is reduced to 14 days, as per Fed R Bankr P 9023. This 14-day time period is jurisdictional and may not be extended. 10 Collier on Bankruptcy ¶9023.07 (16th ed.). In fact, Rule 9006(b)(2) prohibits the enlargement of any of the time periods established by Rule 9023.

In conformity with Federal Rule of Civil Procedure 59, a party seeking reconsideration

"must either clearly establish a manifest error of law or must present newly discovered evidence*."* Marie v. Allied Home Mortgage Corp., 402 F. 3rd 1, 7 n. 2 (1st Cir. 2005) quoting Pomerleau v. W. Springfield Pub. Sch., 362 F. 3d 143, 146 n. 2 (1st Cir. 2004).  In Marie, the First Circuit also cited a leading treatise, noting four grounds for granting a motion for reconsideration under Federal Rules of Civil Procedure 59 (e).  The grounds are "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law." Marie v. Allied Home Mortgage Corp., 402 F 3rd at 7 (citing 11 C. Wright et al., Federal Practice & Procedure § 2810.1 (2d ed. 1995)).

Reconsideration of a judgment under Rule 59 is an extraordinary remedy that is used sparingly and only when the need for justice outweighs the interests advanced by a final judgment.  It is directed at allowing a court to correct its own errors.  White v. New Hampshire Dept. of Employment Security, 455 U.S. 445, 450 (1982).  Moreover, it is well settled that Rule 59 (e) does not exist to give parties a second chance to prevail on the merits generally.  Rule 59 (e) is not to be used to reassert arguments and theories previously rejected by the Court.  The rule is that Rule 59(e) motions are to be "aimed at reconsideration, not initial consideration."  Harley-Davidson Motor Co., Inc. v. Bank of New England-Old Colony, N.A., 897 F.2d 611, 616 (1st Cir. 1990).  See also, Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F. 2d 119, 123 (1st Cir. 1999) (Rule 59 (e) does not allow the losing party to rehash old arguments, previously considered and rejected).  Thus, parties should not use Rule 59(e) motions to raise arguments which could, and should, have been made before judgment issued.  Id. (quoting Federal Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir.1986)).  "Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered

evidence . . . [t]hey may not be used to argue a new legal theory." Id.

The arguments brought by Debtors by way of reconsideration neither reveal a manifest error of law nor present newly discovered evidence. Consequently, reconsideration under Rule 59 is improper. Furthermore, in their reconsideration, Debtors set forth, for the first time, arguments which could, and should, have been made before the order dismissing the case was entered. This is true for Debtors' assertion of lack of proper notice of the Motion to Dismiss and their allegation that the Motion to Dismiss lacks sufficient facts in support of the remedy requested.

Instead, Debtors opted to not answer the motion to dismiss. To this date, Debtors have failed to address PRAPI's allegations as to lack of service of the bankruptcy petition, postpetition arrears and bad faith filing. As such, the dismissal allegations stand unopposed and uncontested.

**B.      Relief from a Judgment or Order**

Debtors' request for relief under Fed R Bankr P 9024 and Federal Rule of Civil Procedure 60 is similarly flawed. Rule 60 affords six categories of reasons or grounds on which to base a motion seeking relief from a final judgment, order, or proceeding. Particularly, Debtors proffer that the order dismissing the case should be vacated under the good cause standard.

Federal Rule of Civil Procedure 60(b) seeks to balance the interest in the stability of judgments with the interest in seeing that judgments not become instruments of oppression and fraud. 10 Collier on Bankruptcy ¶9024.03 (16th ed.). "[T]he court may relieve a party . . . from a final judgment, order, or proceedings for . . . any other reason that justifies relief." Fed R. Civ. P. 60(b)(6).

Relief under Rule 60(b) is extraordinary in nature and motions invoking that rule should be granted sparingly. Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir.2002). Such relief is

available in our jurisdiction only when exceptional circumstances exist to justify this extraordinary relief. In re Rodriguez Camacho, 1st Cir.BAP (P.R.) 2007, 361 B.R. 294 (citing Simon v. Navon, 116 F.3d 1, 5 (1st Cir.1997)). A party who seeks relief under Rule 60(b) must persuade the court, at a bare minimum, that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted. Rodriguez Camacho, supra (citing Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir.2002)). None of the above factors have been demonstrated. Debtors have failed to allege details showing "any other reason justifying relief" under a Rule 60(b)(6). But, because the procedural allegation of lack of proper service would affect Debtors' due process, the court will entertain the same.

### C. Required notice for the motion to dismiss

PRAPI's motion to dismiss was predicated on section §1307(c), 349(a), 109(g) and 105(a) of the Bankruptcy Code. Section 1307 of the Bankruptcy Code provides, in the pertinent part, that "on request of a party in interest … and after notice and a hearing, the court may … dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause." 11 U.S.C. §1307. The procedure for dismissals that are not a matter of right is governed by Federal Rule of Bankruptcy Procedure 1017. Rule 1017(f), in turn, provides that Rule 9014 governs a proceeding to dismiss under §1307(c).

Rule 9014 covers contested matters. A contested matter is a dispute between parties who are opposing each other with respect to relief sought by one of them. 10 Collier on Bankruptcy ¶9014.01 (16th ed.). In contrast, Rule 7001 applies to adversary proceedings, which are similar

disputes specifically listed in said rule. Rule 9014(a) provides that a contested matter that is not otherwise governed by the Bankruptcy Rules is commenced by a motion. Thus, a proceeding seeking dismissal of a bankruptcy case is commenced by a motion, and not a complaint, as purported by the Debtors.

Rule 9014(a) also provides that "reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." Fed R Bankr P 9014(a). "The clear intention of Rule 9014 is that, when a response to a motion is filed, a hearing must be held in order to determine the contested matter." 10 Collier on Bankruptcy ¶ 9014.03 (16th ed.). Because Debtors failed to respond to the Motion to Dismiss, the court had no need to hold a hearing on the matter.

Pursuant to Rule 9014, a motion commencing a contested matter is to be served on the party against whom relief is sought in the manner provided in Rule 7004. Rule 7004, provides for service by mail as alternative means to personal service or service pursuant to state law. Service upon the debtor and its attorney at the addresses shown in the petition will suffice; proof of actual receipt is not required. 10 Collier on Bankruptcy ¶ 7004.03 (16th ed.).

In this case, PRAPI served copy of the Motion to Dismiss by regular mail to the Debtors and Debtors' attorney, in compliance with the notice requirements of Rules 9014 & 7004. Debtors do not contest this fact. Contrariwise, Debtors' allegation that the Motion to Dismiss needed to be served by way of summons and complaint is unfounded.

**III. Conclusion**

Having considered Debtors' procedural argument in support of the reconsideration, and even taking into account arguments that should have been raised before the dismissal order was

entered, this court concludes that Debtors allegations are insufficient to alter the court's conclusion that the case should be dismissed. The court declines to rule on the applicability of the remaining substantive matters because they were raised for the first time on reconsideration. There was no reason why Debtors could not have made their arguments before the dismissal order was entered.

Furthermore, there has been no showing of a manifest injustice or error of law that outweighs the interests advanced by a final order. Debtors have failed to demonstrate the reasons why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its earlier decision. See In re Schwartz, 409 B.R. 240, 250 (1st Cir. BAP 2008) citing López Jiménez v. Pabón Rodríguez (In re Pabón Rodríguez), 233 B.R. 212, 219 (Bankr.D.P.R.1999), aff'd, 17 Fed.Appx. 5 (1st Cir.2001). "The moving party cannot use a Rule 59(e) motion to cure its procedural defects or to offer new evidence or raise arguments that could and should have been presented originally to the court." In re Schwartz, supra. Finally, the court is unconvinced to reconsider its order dismissing the case because the circumstances that warranted the dismissal remain.

Absent a showing of a clearly erroneous determination by this court, or a showing of a manifest injustice or error of law that warrants reconsideration, Debtor's request for reconsideration of the order dismissing the case is DENIED.

WHEREFORE, IT IS ORDERED that Debtors' motion requesting reconsideration shall be, and it hereby is, DENIED. The case remains dismissed. However, the court hereby reduces bar to refile to 180 days under 11 U.S.C. §109(g)(1).

In San Juan, Puerto Rico this 21st day of July, 2014.

Brian K. Tester
U.S. Bankruptcy Judge